UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   NO. 2:22-CR-23-PPS-JPK |
| | ) |
| JORDAN CAMPBELL, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

In the wake of the United States Supreme Court's recent ruling in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S.Ct. 2111 (2022), Defendant Jordan Campbell filed a motion to dismiss the indictment charging him with lying on the firearm purchase form in violation of 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a)(1)(A).  Specifically, according to the indictment, Campbell falsely represented that he was the actual buyer of the firearms listed on ATF Form 4473, when in fact this was a straw purchase meaning that Campbell was really buying the gun for someone else.  Campbell tells me his Second Amendment rights are being violated, but I'm at a loss to see how.  Campbell enjoys all the rights the Second Amendment has to offer.  He can keep and bear all the arms he wants.  All he has to do is tell the truth when buying his guns of choice.  Because the statute at issue here does not in any way deny Campbell's right to bear arms, but is merely a statutory requirement to be truthful, the motion to dismiss will be DENIED.

**Factual Background**

In January and June 2021, defendant Jordan Campbell completed two ATF Form

4473 documents to buy firearms. [DE 1.] According to the exhibit attached to

Campbell's motion[1], a warning appeared on the top of one Form stating:

> **WARNING: You may not receive a firearm if prohibited by Federal or State law. The information you will provide will be used to determine whether you are prohibited from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et. seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine.**

[DE 20-1 at 3.] And the warning on the other form completed by Campbell provided:

> **WARNING: The information you provide will be used to determine whether you are prohibited by Federal or State law from receiving a firearm. Certain violations of the Gun Control Act, 18 U.S.C. 921 et seq., are punishable by up to 10 years imprisonment and/or up to a $250,000 fine. . . .**

[DE 20-1 at 1.]

Both versions of the form ask for the identity of the "transferee's/buyer's full name." [DE 20-1 at 1, 3.] The purchaser is then asked the following: "[a]re you the actual transferee/buyer of the firearm(s) listed on this form?" *Id.* The would-be buyer is then told what that means: "Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(a) to you." *Id.*

For both occasions identified in the indictment, Campbell filled out his name on

---

[1] Campbell attached the first two pages of one Firearms Transaction Record, and the first page of another Firearms Transaction Record. [DE 20-1; *see also* DE 24, which seems to be the same forms but with additional information redacted.] Both documents indicate they are 6 pages in total. While substantially similar, the forms are clearly different versions, and do contain different numbering of the beginning questions, as well as slightly different wording.

2

the form and represented he was the actual buyer/transferee of the firearm. *Id.* On the 4473 Form which Campbell attached the first two pages (and presumably this occurred on the other form as well even though the Court cannot verify it), Campbell then signed the form, certifying that his "answers in Section A are true, correct, and complete" and with knowledge that "making any false oral or written statement . . . is a crime punishable as a felony under Federal law." [DE 20-1 at 2.] He further certified that he knew that if he was "not the actual transferee/buyer" that he was committing a "crime punishable as a felony under Federal law." *Id.*

On March 16, 2022, Campbell was charged with a four-count indictment. Counts One and Two allege that Campbell violated 18 U.S.C. § 922(a)(6) when he knowingly made false and fictitious statements in the acquisition of firearms. [DE 1 at 1-2.] That statute makes it illegal to make a knowingly false statement "intended or likely to deceive [a licensed dealer] with respect to any fact material to the lawfulness of the sale or other disposition of [a] firearm or ammunition under the provisions of this chapter [Title 18, Chapter 14]." 18 U.S.C. § 922(a)(6). Counts Three and Four allege a violation of 18 U.S.C. § 924(a)(1)(A) which prohibits false representations on a form required by law to be kept by the federal firearms dealer. [DE 1 at 3-4.] For all four counts, the alleged lie was the same: Campbell said he was the actual buyer of the firearms when in fact he was not. [*Id.* at 1, 3.]

## Discussion

A defendant can move before trial to dismiss an indictment for failure to state an

3

offense. Fed. R. Crim. P. 12(b)(3)(B)(v). Such a motion can be made on the basis that the charged offense is based on an unconstitutional statute. *United States v. Holden*, __ F.Supp.3d __, No. 3:22-CR-30 RLM-MGG, 2022 WL 17103509, at *2 (N.D. Ind. Oct. 31, 2022). That is the basis upon which Campbell seeks dismissal of the indictment in this case. [DE 20 at 13.] According to Campbell, the indictment must be dismissed because the charges are grounded in statutes that violate his Second Amendment right to bear arms.

A constitutional challenge to a statute can be brought either as a facial challenge, or an as-applied challenge. Campbell brings both types of challenges against the two statutes at issue here—§§ 922(a)(6) and 924(a)(1)(A). [DE 20 at 3; 12.] To succeed on a facial challenge to the constitutionality of a statute, the moving party must show that the statute is unconstitutional in all applications. *City of Los Angeles. v. Patel*, 576 U.S. 409, 415, 418 (2015). To succeed on an as-applied challenge, the moving party must show it is unconstitutional because of the way it was applied to the particular facts of their case. *See United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011).

What this means is that if a statute is constitutional as applied to the defendant, then any facial challenge to the statute must necessarily fail as well. *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."). In his reply, Campbell contends that *Salerno* no longer reflects the current state of the law. [DE 30 at

4

9.] In support of this proposition, Campbell cites *Johnson v. United States*, 135 S.Ct. 2551, 2561 (2015), but that dealt with whether a law was void for vagueness. He also cites *United States v. Rahimi*, 59 F. 4th 163, 2023 WL 1459240, at *9-10 (5th Cir. Feb. 2, 2023), but that case was withdrawn and superseded by *United States v. Rahimi*, __ F.4th __, No. 21-11001, 2023 WL 2317796 (5th Cir. Mar. 2, 2023). In the superseding *Rahimi*, the parties disputed the burden necessary to sustain a facial challenge to section 922(g)(8) under *Bruen*. *Id.* at *5. The Court merely commented that:

> The Government contends that Rahimi 'must establish that no set of circumstances exists under which the Act would be valid.' *United States v. Salerno*, 481 U.S. 739, 745 (1987). Rahimi contests that assertion, asserting during oral argument that the Government's interpretation of *Salerno* has fallen out of favor, though he contends that in any event, he has satisfied *Salerno*'s standard. *Bruen* instructs how to proceed.

*Id.* at *5-6. At the end of the day, I think this is all a distinction without a difference, because no matter how you characterize Campbell's attack on the statutes at issue, it still fails.

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II. In *District of Columbia v. Heller*, the Supreme Court identified the "core" of the Second Amendment as: "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). The Court made clear, though, that "the right secured by the Second Amendment is not unlimited." *Id.* at 626. A few years later, a plurality of

5

the Court in *McDonald v. City of Chicago*, 561 U.S. 742, 768 (2010), repeated its assurances that *Heller* "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons . . . ."

After *Heller*, the Seventh Circuit advanced a two-step test for looking at Second Amendment challenges. *See, e.g., Kanter v. Barr*, 919 F.3d 437, 441 (7th Cir. 2019), abrogated by *Bruen*, 142 S.Ct. 2111 (2022). The threshold question in this framework was "whether the regulated activity falls within the scope of the Second Amendment." *Id.* at 441. Then, "if the historical evidence is inconclusive or suggests that the regulated activity is *not* categorically unprotected," courts conducted "a second inquiry into the strength of the government's justification for restricting or regulating the exercise of Second Amendment rights." *Id.* (emphasis in original).

However, in *Bruen*, the Supreme Court held that the two-step approach was "one step too many." *Bruen*, 142 S.Ct. at 2117. *Bruen* involved a New York law making it a crime to possess a firearm without a license, both inside and outside the home. A person could obtain a license for a firearm, but they had to demonstrate a specific need for self-defense. *Id.* The Court held the Second Amendment protects an individual's right to carry a handgun for self-defense both in the home and outside of the home, and that New York's licensing plan violated the Constitution. When evaluating whether a regulation on Second Amendment rights is constitutional, *Bruen* instructs the courts to use the following standard:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.

6

> The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'

*Id.* at 2129-30. It is important to note that the majority opinion in *Bruen* did not address the "longstanding prohibitions on the possession of firearms by felons . . . or laws imposing conditions and qualifications on the commercial sale of arms" that the Court previously called "presumptively lawful." *Heller*, 544 U.S. at 626, 627 n.26. What this means is that the Supreme Court has never held that lying on a federal firearms transaction report is protected Second Amendment activity. In fact, *Heller* strongly suggests otherwise. Likewise, no federal appeals court (as far as I know) has ever found the two operative statutes unconstitutional whether it be before or after *Bruen* was announced.

Campbell nonetheless contends that the Second Amendment protects his conduct at issue in both statutes §§ 922(a)(6) and 924(a)(1)(A) because they cover the means and process to possess and receive a firearm. [DE 20 at 9.] He believes the statutes burden activity protected by the Second Amendment (i.e. the right to bear arms), and in applying the *Bruen* analysis, they are unconstitutional because there is no evidence showing a national firearm history and tradition of supporting these statutory restrictions on firearm possession and receipt. [DE 20 at 10-11.]

Fortunately, I do not have to play junior varsity historian in this case (perhaps I will in others) because Campbell has not advanced any argument that the statutes

7

requiring honest answers on the 4473 Form restrict *his* right to bear arms, or *his* right to self defense. In his reply brief, Campbell tells me that he "is being prosecuted for what he possessed, a firearm, and how and why he possessed the firearm." [DE 30 at 8.] But that simply isn't true. He isn't being prosecuted for possessing a firearm; he's being prosecuted for *lying* in the acquisition of the firearm. If he told the truth, there would be no case against him. In other words, if he wanted to possess a gun, all he has to do is be honest in its acquisition. In the same way that a defendant being prosecuted for filing a false tax return isn't being prosecuted for tax evasion, Campbell isn't being prosecuted for possessing the guns; it's the lie that matters.

Thus, in the words of *Bruen*, nothing in the "plain text" of the Second Amendment even covers Campbell's conduct—lying in the acquisition of firearms. *Bruen*, 142 S.Ct. at 2117. As I said at the outset, Mr. Campbell can bear all the arms he would like. But what he cannot do is lie on the form, telling the gun shop that the gun is for him, when in fact it is not. Put another way, it would be an odd interpretation of the Second Amendment to allow Campbell (a straw purchaser) to lie about acquiring a gun not for him to keep and bear, but for *someone else* to possess.

Several courts have arrived at the same conclusion finding section 922(a)(6) constitutional after *Bruen*. For example, here's how one court put it when analyzing the same statute involving false statements made during the acquisition of firearms:

> Mr. Gonzalez has put forth no arguments to demonstrate how any of the challenged counts regulate or restrict conduct protected by the Second Amendment—namely the Defendant's ability to possess firearms for self-defense. Rather, the violations involve false

8

> statements to acquire firearms, the repeated transfer of firearms without a license, and proceeds derived from those activities. These types of regulations do not in any way limit Mr. Gonzales' ability to defensively arm himself. And without this initial showing, *Bruen's* analysis is unnecessary and unwarranted.

*United States v. Gonzalez*, No. 1:22-CR-00054, 2022 WL 17583769, at *2 (D. Utah Dec. 12, 2022). *See also United States v. Soto*, No. SA-22-CR-302-JKP, 2023 WL 1087886 (W.D. Tex. Jan. 27, 2023) (finding § 922(a)(6) constitutional); *United States v. Tilotta*, No. 3:19-cr-04768-GPC, 2022 WL 3924282 (S.D. Cal. Aug. 30, 2022) (holding similar statutes and regulations are constitutional); *United States v. Porter*, No. 3:22-00044, 2023 WL 113739 (S.D. W. Va. Jan. 5, 2023) (finding § 924(a)(1)(A) constitutional). I concur completely with the analysis in these cases.

Another way to look at all this is the position espoused by the government, which I think is also applicable here. The government focuses on the fact that Campbell didn't have a right to lie on the firearms application. A person "who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself." *United States v. Knox*, 396 U.S. 77, 79 (1969). As the Supreme Court itself has explained, "it cannot be thought that as a general principle of our law a citizen has a privilege to answer fraudulently a question that the Government should not have asked. Our legal system provides methods for challenging the Government's right to ask questions – lying is not one of them." *Bryson v. United States*, 396 U.S. 64, 72 (1969). One who employs intentional lies "as a means of self-help may not escape the

9

consequences by urging that his conduct be excused because the statute which he sought to evade is unconstitutional." *Dennis v. United States*, 384 U.S. 855, 867 (1966) (holding Communist party members could not raise a First Amendment challenge to the convictions for lying about their party membership on a government form).

A wide variety of caselaw evidences that this lying rule applies regardless of the statute or constitutional provision at issue. *See, e.g., Kay v. United States*, 303 U.S. 1, 6 (1938) (declining to review claim that Congress lacked constitutional authority to enact the Home Owners' Loan Act of 1933 raised by defendants who made false statements in violation of the act); *United States v. Moore*, 446 F.3d 671, 682 (7th Cir. 2006) (declining to decide if HUD regulation was unconstitutionally vague where defendant intentionally failed to disclose information); *United States v. Lawton*, 366 F.3d 550, 553-54 (7th Cir. 2004) (declining to decide if 18 U.S.C. § 922(n) was unconstitutional where defendant made false statements regarding firearms records in violation of 18 U.S.C. § 924(a)(1)(A)).

Campbell cannot knowingly answer the question on the firearms dealer form falsely, and then after he is caught making a material misrepresentation, raise a constitutional challenge "to the propriety of the very question." *Dennis*, 384 U.S. at 867. Instead, if he wanted to challenge the constitutionality of the question being asked of him, he should have filed a civil suit invoking federal question jurisdiction. *See, e.g., Kanter*, 919 F.3d at 440 (felon challenging federal and state statutes prohibiting him from owning a firearm brought suit in district court challenging the constitutionality of the

10

statutes).

What's more, *Bruen* focused on the ability of "law-abiding" citizens to protect themselves. *Bruen*, 142 S.Ct. at 2133. In this case, I cannot say that Campbell was an "ordinary, law-abiding citizen" as that term is used in *Bruen*. *Id*. at 2122. Campbell cites extensively from cases around the country that try to breathe meaning into that phrase. [DE 30 at 11-13.] Noticeably absent from any of those extensive citations are a single case from the Seventh Circuit. For my part, I am hard pressed to conclude that someone who purposely lies in their acquisition of a firearm is the type of "ordinary, law abiding citizen" that the *Bruen* court was describing. And indeed, *Abramski v. United States,* 573 U.S. 169, 179-81 (2014), a case decided well after *Heller*, strongly suggests the contrary. *Abramski* described in great detail the serious problems posed by the straw purchase of firearms. The idea that a straw purchaser is an "ordinary, law abiding citizen" strikes me as very odd, indeed. In short, until I am told to the contrary by either the Supreme Court or the Seventh Circuit, I cannot say that someone who engages in a straw purchase of guns is a "law abiding" citizen deserving of Second Amendment protection. Of course, this all assumes that the government can prove that Campbell lied in the acquisition of firearms. But that is what a trial is for.

Nothing in *United States v. Holden*, __F.Supp.3d__, No. 3:22-CR-30 RLM-MGG, 2022 WL 17103509 (N.D. Ind. Oct. 31, 2022), a case Campbell relies heavily on, mandates a different result. [DE 20 at 11.] In that case, Judge Miller found the statute prohibiting receipt of a firearm by a person under felony indictment was not consistent with the

11

history of firearm regulation, and therefore violated the Second Amendment. There are a few ways this case is distinguishable from the present one. First, *Holden* dealt with a different statute. That case involved the question on the 4473 Form asking whether the actual purchaser is under indictment for a felony, which is an offense separately punishable under 18 U.S.C. § 922(n). *Id.* at *1. Holden lied in that case and said he was not under indictment, when in fact he was. Judge Miller undertook the historical analysis and found that the statute was unconstitutional because "Section 922(n) burdens activity protected by the Second Amendment, and the government hasn't shown that the regulation is consistent with the history and tradition of firearm regulation that delimits the outer bounds of the right to keep and bear arms." *Id.* at *5 (quotation omitted). He then concluded that because section 922(n) was unconstitutional, Holden's lie about his indictment status was "immaterial because under no circumstances could it affect the lawfulness of the sale." *Id.* at *6. In other words, Judge Miller reasoned that "Mr. Holden has shown that § 922(n) facially violates the Second Amendment, and he's shown that without § 922(n) prohibiting him from receiving a firearm under indictment, his false statement as to whether he was under indictment was immaterial for purposes of § 922(a)(6)." *Id.* at *7.

The *Holden* court did *not* find that section 922(a)(6) was unconstitutional; rather, it ruled "the indictment doesn't state an offense because Mr. Holden wasn't prohibited from receiving a firearm under § 922(n), so his statement didn't concern a fact material to the lawfulness of the firearm sale." *Id.* Moreover, *Holden*'s analysis doesn't apply to

12

section 924(a)(1)(A), which doesn't require a "material" misstatement. *See Abramski*, 573 U.S. at 172 (finding even though the true answer to the question about who was the purchaser of the gun wouldn't have made the sale unlawful, the fact was still material because the seller needed to know the fact of the purchaser's identity to determine the lawfulness of the sale). Even the *Holden* court recognized that a § 924(a)(1)(A) conviction prohibits different conduct than § 922(a)(6). *Holden*, 2022 WL 17103509, at *6.

In an effort (I suppose) to pick up where *Holden* left off, Campbell's brief discusses at length § 922(n), but I'm at a loss to see how that statute has any bearing here. [DE 20 at 9-10.] This case has nothing to do with receipt of firearms by those under felony indictment. To repeat, this case only concerns defendants who represent to a federal firearms licensee that they are the actual buyer of the weapon, when in fact it's a straw purchase.

Campbell also argues that what he is really being charged with is lying on the Form 4473, and that the questions asked of him on that form were formulated by the Attorney General under an unconstitutional delegation of power from Congress. It is true that under 18 U.S.C. §923(g)(1), the Attorney General is charged with the responsibility of prescribing regulations regarding the required information that firearms dealers must maintain. Campbell tells me that "Form 4473's deficiency is that it expands criminal liability beyond the statutory information requirements." [DE 20 at 13.] But as discussed above, this argument runs headlong into *Abramski* where the Supreme Court specifically held that asking a would-be gun buyer whether he was the

13

"true buyer" was entirely permissible. *Abramski*, 573 U.S. at 172. To hold otherwise would be to gut the "gun law's core provision . . . (which is) an elaborate system to verify a would-be purchaser's identity and check on his background." *Id.* at 180. What would result is a system whereby "criminals could always use straw purchasers to evade the law." *Id.* at 183. Nowhere in *Abramski* does the court call into question the validity of the Form 4473 and the permissibility of asking who is the "actual buyer." One would think that if this was an unconstitutional delegation of authority, someone would have brought it to the Supreme Court's attention.[2]

Finally, Campbell claims that he should be saved by the rule of lenity. [DE 30 at 7.] That rule stands for the basic proposition that "ambiguities about the breadth of a criminal statute should be resolved in the defendant's favor." *United States v. Davis*, 139 S.Ct. 2319, 2333 (2019); *see also Staples v. United States*, 511 U.S. 600, 619 n.17 (1994) (stating the rule of lenity provides that "an ambiguous criminal statute is to be construed in favor of the accused."). This is because individuals ought to have "fair notice" of what the law prohibits. *Davis,* 139 S.Ct. at 2333. Campbell fails to tell me what is ambiguous about the statutes that he is charged under. In essence, both statutes tell him not to tell a material lie when he is acquiring a gun. What is material is determined by the Attorney General through regulation. But none of this is a surprise

---

[2] Campbell also argues for the first time in his reply that the recently enacted straw purchaser statute found at 18 U.S.C. § 932 makes that plain. But § 932 was signed into law after Campbell's misrepresentation that he was the "actual buyer" of the weapons in question in this case.

14

to anyone who buys a weapon. *They are specifically told what is material when they are presented the 4473 Form.* In other words, they are given fair notice. I fail to see how anyone could be fooled by what is being asked of them. In a case like this, where there is nothing ambiguous about what is required of a person buying a gun, the rule of lenity plays no role. *See, e.g., United States v. King*, __ F.Supp.3d __, No. 5:22-cr-00215-001, 2022 WL 17668454, at *1-*3 (E.D. Pa. Dec. 14, 2022) (finding rule of lenity was not grounds for dismissing indictment in a post-*Bruen* case based on a violation of section 922(a)(1)(A)).

## Conclusion

For the foregoing reasons, Campbell's Motion to Dismiss arguing 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A) are unconstitutional in light of *Bruen* [DE 20] is DENIED.

SO ORDERED.

ENTERED: March 14, 2023.

                                     /s/ Philip P. Simon
                                     PHILIP P. SIMON, JUDGE
                                     UNITED STATES DISTRICT COURT