UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:21 CR 131 |
| ) | |
| CALEB MOORE ) | |

## OPINION and ORDER

Defendant Caleb Moore has been charged with violating 18 U.S.C. § 924(a)(1)(A) by making false statements to a firearms dealer about the intended end-user of a firearm. (DE # 1.) Defendant has moved to dismiss the indictment because he claims Section 924(a)(1)(A) is unconstitutional in light of the United States Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (DE # 64.) For the reasons that follow, defendant's motion is denied.

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II. In *Bruen*, the Supreme Court announced a new test for judging the constitutionality of firearm regulations:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Bruen*, 142 S. Ct. at 2129–30 (quotation omitted).

This court's first task under *Bruen* is to determine whether the Second Amendment's plain text covers the conduct at issue in the indictment. Multiple courts

in this district have considered whether the plain text of the Second Amendment covers making false statements as prohibited by Section 924(a)(1)(A), as well as Section 922(a)(6), a similar "false statements" prohibition.[1] *See United States v. Ladd*, No. 2:22-CR-057-PPS-APR, 2023 WL 4105414, at *4 (N.D. Ind. June 21, 2023) (Simon, J.); *United States v. Scheidt*, No. 1:22-CR-49-HAB, 2023 WL 2865349, at *1 (N.D. Ind. Apr. 10, 2023) (Brady, J.); *United States v. Hill*, No. 1:22-CR-61-HAB, 2023 WL 2809200, at *2 (N.D. Ind. Apr. 6, 2023) (Brady, J.); *United States v. Valentine*, No. 2:20-CR-117 JD, 2023 WL 2571720, at *7 (DeGuilio, J.) (N.D. Ind. Mar. 20, 2023). These decisions uniformly hold that Sections 922(a)(6) and 924(a)(1)(A) are not firearm statutes, they are truthful information statutes, and this court joins the chorus by concluding the same.

Defendant relies on *United States v. Holden*, No. 3:22-CR-30 RLM-MGG, 2022 WL 17103509 (N.D. Ind. Oct. 31, 2022), in urging this court to find that the indictment violates the Second Amendment. In *Holden*, the district court found that Section 922(n), which prohibits the receipt of a firearm by a person under felony indictment, was not consistent with the history and tradition of firearm regulation. *Id.* at *5. The court further held that, because Section 922(n) facially violated the Second Amendment, the defendant's false statement regarding his indictment status was immaterial for purposes of Section 922(a)(6), as his indictment status no longer effected the lawfulness of the sale. *Id.* at *7.

---

[1] Section 922(a)(6) makes it unlawful to make a knowingly false statement "intended or likely to deceive [a licensed dealer] with respect to any fact material to the lawfulness of the sale or other disposition of [a] firearm or ammunition under the provisions of this chapter."

Though the district court's decision in *Holden* is distinguishable and irrelevant in many ways, it is more important to note that it was recently reversed by the Seventh Circuit. *United States v. Holden*, 70 F.4th 1015, 1017 (7th Cir. 2023). Notably, in its opinion, the Seventh Circuit stated that "Congress is entitled to require would-be purchasers to provide information—their names, addresses, Social Security numbers, criminal histories, and so on. . . . The power to collect accurate information is of a different character—and stands on a firmer footing—than the power to prohibit particular people from owning guns." *Id.* The Seventh Circuit's commentary in *Holden* is consistent with the many recent district court opinions, *supra*, which applied the same reasoning to conclude that "false statements" statutes do not implicate the plain text of the Second Amendment.

For the foregoing reasons, defendant's conduct is not covered by the plain text of the Second Amendment, and the court has no occasion to advance to the second prong of the *Bruen* analysis. Accordingly, defendant's motion to dismiss (DE # 64) must be **DENIED**.

                                                **SO ORDERED.**

Date: October 16, 2023

                                              s/ James T. Moody
                                              JUDGE JAMES T. MOODY
                                              UNITED STATES DISTRICT COURT